UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUGO ANTONIO GARCIA,

                                        Plaintiff,

              -v-                                              CIVIL ACTION NO. 20 Civ. 7539 (PAE) (SLC)

COMMISSIONER OF SOCIAL SECURITY,             **ORDER FOR SERVICE**

                                        Defendant.

**SARAH L. CAVE, United States Magistrate Judge**:

Plaintiff, appearing pro se, brings this action, challenging his denial of social security benefits. On September 16, 2020, the undersigned was referred this action. (ECF No. 4). On October 16, 2020, the undersigned recommended that Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP") (ECF No. 6), and on November 2, 2020, the Honorable Judge Paul E. Engelmayer adopted the Report and Recommendation. (ECF No. 7).

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued.

The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Commissioner of Social Security through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is respectfully directed to transmit a copy of this order to Plaintiff at the below address.

The Clerk of Court is further instructed to complete the USM-285 forms with the address for the Commissioner of Social Security and deliver to the U.S. Marshals Service all documents necessary to effect service on this defendant.

SO ORDERED

*Sarah Cave*
**SARAH L. CAVE**
**United States Magistrate Judge**

Dated:   December 15, 2020
         New York, New York

Mail To:   Hugo Antonio Garcia
           67 East 97th Street, Apt. 4
           New York, New York 10029

**Defendant and Service Address**

Commissioner of Social security
c/o Office of the Regional Chief Counsel, Region II Social Security Administration
26 Federal Plaza, Room 3904
New York, New York, 10278-0004